EDWIN A. LOMBARD, Judge.
|)The State of Louisiana appeals the trial court judgment granting the defendant’s motion to quash. After review of the record in light of the applicable law and arguments of the parties, we reverse the judgment of the trial court.

Relevant Facts and Procedural History

The defendant/appellee, Tyrone J. Mitchell, convicted in 1976 of forcible rape and sentenced to fifty years incarceration, was released in 2002. He was arrested on July 27, 2009, and charged by bill of information with failure to register as a sex offender in accordance with La.Rev.Stat. 15:542. He pleaded not guilty and filed a motion to quash, arguing that La.Rev.Stat. 15:542, enacted after his crime, violated ex post facto principles. After a hearing on December 8, 2009, the trial court agreed, granting the defendant’s motion, quashing *959 the bill of information and ordering the defendant released from custody.

Discussion

In 2007 the Louisiana Legislature reenacted and redesignated several portions of La. R.S. 15:542. Specifically, the penalty portion of the statute was moved to La. R.S. 15:542.1.4, which provides in part:
A. (1) A person who fails to register, periodically renew and update registration, provide proof of residence or notification of Rchange of address or other registration information, or provide community notification as required by the provisions of this Chapter, and a person who knowingly provides false information to a law enforcement agency as provided in R.S. 15:542(0(3), shall, upon first conviction, be fined not more than one thousand dollars and imprisoned with hard labor for not less than two years nor more than ten years without benefit of parole, probation, or suspension of sentence.
The defendant argues that the trial court did not err in granting his motion to quash because his conviction occurred pri- or to Louisiana’s enactment of sex offender registration requirements in 1995, and, accordingly, he was not required to register a sex offender. Further, he contends that retroactive application of La. R.S. 15:542 is expressly prohibited by the Ex Post Facto Clause of the United States Constitution, Art. I, § 10.
In State ex rel. Olivieri v. State, 2000-0172 (La.2/21/01), 779 So.2d 735,[1] the Louisiana Supreme Court determined that La. Rev.Stat. 15:542 penalty provisions do not warrant an ex post facto analysis:
Although La.Rev.Stat. Ann. § 15:542(F)(1) and (2) do indeed provide for punishment, the crime for failing to register under the statute is a separate offense. It is inconsequential that a pri- or conviction for sexual misconduct triggers the offense for failure to register. “It is hornbook law that no ex post facto problem occurs when the legislature creates a new offense that includes a prior conviction as an element of the offense, as long as the other relevant conduct took place after the law was passed.” Russell, 124 F.3d at 1088-89; see also United States v. Watts, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997).
Olivieri, 2000-0172, pp. 22-23, 779 So.2d at 748.
Accordingly, the defendant in this case is being charged with an offense separate from that which formed the basis of his original conviction. Although his prior conviction for forcible rape forms an element of the offense set out in La^Rev.Stat. 15:542.1.4, the State will not be able to secure a conviction unless it can show that the defendant also failed to comply with the various registration and notification requirements set out in the statutes. In other words, La.Rev.Stat. 15:542.1.4 does not present an ex post facto problem because any conviction based upon this statute is dependant upon proving that other relevant conduct took place after the statute’s passage, i.e., a defendant’s failure to register as a sex offender. Accordingly, the trial court erred when it concluded that the defendant’s prosecution for failure to register as a sex offender violated ex post facto principles.

*960
Conclusion

The judgment of the trial court is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.

. The defendant acknowledges Olivieri, but argues that La.Rev.Stat. 15:542, and its progeny, has been changed and amended so many times since its initial enactment that Louisiana Supreme Court’s examination of the statute in Olivieri is ripe for revisiting. Such an argument to this court is meritless.